# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

IN RE:

     Lori L. LeBrun,                      **CHAPTER 13 CASE**

                  Debtor.          **COURT FILE NO. 09-44045**

## Notice of Hearing and Motion for Relief from Stay

TO:    All parties of interest as set forth in the attached service list.

1. East Marketplace, LLP (hereinafter "Marketplace"), a party of interest, by and through its undersigned attorney, moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this Motion at 2:30 p.m. on October 14, 2010, before the Honorable Nancy C. Dreher in Court Room 7-West at United States Courthouse, at 300 South Fourth Street, Minneapolis, Minnesota 55415.

3. Any response to this Motion must be filed and delivered not later than October 11, 2010, which is three (3) days before the time set for the hearing (excluding Saturdays, Sundays and holidays), or filed and served by mail not later than October 7, 2010, which is seven (7) days from the time set for the hearing (excluding Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THIS MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankrp. Pro. 5005 and Local Rule 1070-1. This proceeding is a core

proceeding. The petition commencing this Chapter 13 case was filed on June 22, 2009. This case is now pending in this Court.

5. This Motion arises under 11 U.S.C. § 362 and Fed. R. Bankrp. Pro. 4001.

6. This Motion is filed under Fed. R. Bankrp. Pro. 9014 and Local Rule 9006-1, 9013-1, 9019-1 et seq. Marketplace hereby requests relief from the automatic stay imposed by 11 U.S.C., Section 362. Marketplace requests immediate relief, notwithstanding Fed. R. Bankrp. Pro. 4001(a)(3).

## FACTS

1. A true and correct copy of the Lease Agreement dated 2/7/08 is attached as "Exhibit A" and incorporated by reference.

2. Debtor's rent increased to $10,836.00 monthly as of January 2010; Debtor is indebted to Marketplace for unpaid rent for the months of: July 2009 (total of $9,286.16 due, as stated in Debtor's Modified Chapter 13 Plan); January 2010 (paid $9,036.16), February 2010 (paid $10,544.00), March 2010 (paid $10,544.00), April 2010 (paid $10,794.00); May 2010 (paid $10,544.00), Debtor's rent increased to $10,950.00 monthly as of June 2010; July 2010 (paid $7,500.00), August 2010 (paid $7,500.00), September 2010 (paid $6,600.00), (totaling $23,254.00 owed), plus late fees of $250 per month for a total of 8 months, (totaling $2,000.00), for a grand total owed to date of $25,254.00, as evidenced by a certain Lease Agreement dated February 7, 2008, together with interest thereon. (See attached e-mails between Marketplace attorney and Debtor's attorney, dates varying from 2/9/2010 through 6/2/2010, a true and correct copy is attached hereto as Exhibit B).

3.     Marketplace commenced an eviction action in Sherburne County District Court, stating the unpaid rent and late fees as the reason for the eviction action, on June 18, 2009.

4.     Debtor filed Bankruptcy four days later to stop the eviction process, but has failed to pay Marketplace the back rent for July 2009, has failed to negotiate the unpaid rent prior to July 2009, and has failed to pay the correct amount for rent due January through September 2010. Marketplace is still obligated to make its payments for the Mortgage on the property, and is currently at risk of losing the property due to Debtor's short payments and lack of payments.

5.     That as of the date hereof, the Debtor is and has been in default in her payments to Marketplace.

6.     Cause exists within the meaning of 11 U.S.C. Section 362(g) including lack of adequate protection of the interests of Marketplace in the property and Marketplace's property is not adequately protected. The Debtor and Marketplace entered into a Stipulation on August 20, 2009, wherein the Debtor would negotiate in good faith with Marketplace its claims for unpaid rent prior to July 2009. A true and correct copy of the Stipulation is attached hereto as Exhibit C.

7.     To date, Debtor has failed to make payments on the unpaid rent for the month of July 2009 as stated in her Petition, has failed to negotiate the unpaid rent prior to July 2009, has failed to pay the correct amount of rent for January 2010 through September 2010, and Debtor has failed to make any offer of adequate protection.

8.    Debtor has no equity in the property and the property is not necessary to an effective reorganization.  The burden is on the Debtor to establish that this property is necessary to an effective reorganization.

9.    Marketplace desires to protect its security interest in the property, and therefore, requests this Court to vacate the stay of action under 11 U.S.C. Section 362 and allow eviction of the Debtor pursuant to Minnesota law.

**WHEREFORE**, Marketplace, by and through it's undersigned attorney, respectfully moves the Court for an Order for Judgment that the automatic stay provided by 11 U.S.C. 362(a) is modified to permit Marketplace to commence eviction proceedings under Minnesota law and such other relief as may be just and equitable.

**SMITH, PAULSON, O'DONNELL & ASSOCIATES, PLC**

Dated:   September 14, 2010          BY    /s/ Patrick M. O'Donnell
Patrick O'Donnell
Attorneys for East Marketplace, LLP
201 West 7th Street
Monticello, MN 55362
763-295-2107
Attorney I.D. 0190883

*16547 Markstplace Dr*
*Big Lake, Mn 55309*
*763-263-7529*

**Market Place East, LLP**
**Little Achiever's**
**Lease Agreement**

Landlord and tenant agree to the following terms:

1. **Tenant(s).**
   Name *Lori Lynn LeBrun,* ~~Little A~~ *Lil' Achievers Learning Center, LLC*
   DL#____ *✱Redacted✱*
   SSN#____ *✱Redacted✱*
   Phone # *763-295-5483*
   Place of Employment/Phone # *763-295-5483 LeBrun Electric*
   Employment start date____
   Emergency contact/phone *Jay 612-919-0453*
2. **Terms of Lease.**
3. Starting Date of Lease ~~31 Jul/2008~~ *Occupancy*
4. Ending Date of Lease *3/31/2018* at noon
5. **Monthly Rent** $10,285.00     Late Fee $250.00
   *Late is defined as an envelope postmarked on the 3rd of the month or later.
   Following month's rent will not be accepted until late fee is paid.*
6. Rent Escrow.  4 months rent,  $41,140.00.  *PrePaid*
7. Mail rent checks to:
   **Market Place East, LLP**
   **Greg Schreier**
   **15637 Juniper Ridge Dr NW**
   **Ramsey, Mn  55303**
   **763 443 6901**
8. Occupancy and use.  Only the tenants and Occupants listed above may operate in the Premises, except as allowed by law.  The Premises, Utilities and Services shall be used only for common business uses.
9. Returned Check Fee.  Tenant shall pay $250.00 for each unpaid check returned by the Tenant's bank.
10. Rent Escrow.  Landlord may use the rent escrow:
    a. To cover the Tenant's failure to pay rent or other money due the Landlord.
    b. To return the Premises to its condition at the start of the tenancy except for ordinary wear and tear.
11. Tenant pays for Damage.  Tenant shall pay for all loss, cost, or damage (including plumbing trouble) caused by the willful or irresponsible conduct of the Tenant or by a person under Tenant's direction or control.
12. Landlord's Promises.
    a. The Premises and all common areas are fit for the use intended by Landlord and Tenant.
    b. Landlord shall make necessary repairs.


EXHIBIT
A

    c. Landlord shall keep the Premises up to code unless a violation of the codes has been caused by the willful or irresponsible conduct of Tenant, Tenant's guests, or a person under Tenant's direction or control.

13. Tenant's Promises.
    a. Tenant shall not allow damage to the Premises.
    b. Tenant shall remove no fixtures.
    ~~c. Tenant shall not paint the Premises without Landlord's written consent.~~ *DELETE*
    d. Tenant shall keep the Premises clean and tidy.
    e. Tenant shall not use the Premises in any way that is unlawful, illegal, or dangerous.
    f. Tenant shall not use the Premises in any way that would cause a cancellation, restriction or increase in premium in Landlord's insurance.
    g. Tenant shall not use or store in or near the Premises any flammable or explosive substances.
    h. Tenant shall notify Landlord in writing of any repairs to be made.

14. Tenant's Telephone. Tenant shall give Landlord the Tenant's home phone number within two days after service is started or the phone number is changed.

15. Restrictions.
    a. Locks. Tenant shall not add or change locks. At tenant's request, landlord will change the locks or have the lock cylinders rekeyed at Tenant's expense. If the locks do not meet current municipal codes or regulations, landlord shall change the locks at Landlord's expense.
    b. Vehicles. Tenant shall have no motor home, camper, trailer, boat, recreational vehicle, unlicensed vehicle, inoperable vehicle, vehicle on blocks, or commercial truck on the Premises or on the common area of the Premises. A commercial truck is any truck in commercial service or larger than a pickup truck. Permitted vehicles shall be parked in designated areas only. Three days after giving notice to Tenant, landlord may remove and store the offending vehicles. Tenant shall pay reasonable removal and storage expenses as additional Rent.

16. Landlord's Right to Enter. Landlord may enter the Premises for a reasonable business purpose. Landlord must first make a good faith effort to give Tenant reasonable notice of the intent to enter. Landlord may enter the Premises in an emergency. Landlord must disclose the date, time and purpose of the emergency entry in writing. The writing must be left in a conspicuous place in the Premises.

17. Damage or injury to tenant or tenant's property. Landlord is not responsible for any injury or damage that was not caused by a willful or negligent act or failure to act of Landlord. Tenant may obtain Renter's Insurance.

25. Notice of Dangerous Conditions. Tenant shall promptly notify Landlord of any conditions that might cause damage to the premises or waste Utilities or Services provided by the Landlord. The notice may be oral or in writing.

26. Subletting. Tenant shall not sublet part or all of the Premises without Landlord's written consent. Tenant shall not assign this Lease without Landlord' written consent.

27. Moving out or Holding over. Tenant must move out not later that 11:59 a. m. the ending date. If Tenant occupies the Premises after the Ending date with Landlord's permission and this Lease has not been renewed nor a new Lease made, this lease becomes a month-to-month lease under its original terms.

28. Vacating. When moving out, Tenant must:
     a. Leave the Premises in the same condition as at the start of the Lease, except for ordinary wear and tear and fire or casualty loss.
     b. Completely vacate the Premises, including storage units, garage and parking stalls.
     c. Give Landlord a forwarding address.
     d. Give Landlord all keys and personal property issued to Tenant for Tenant's use such as garage door openers, and tools. If Tenant does not return all keys within 24 hours of vacating, Landlord may change the locks and charge reasonable costs to Tenant.

29. Premises Destroyed, Uninhabitable, or Unfit for Occupancy.
     a. If the Premises is destroyed or becomes totally uninhabitable or completely unfit for occupancy through no fault or neglect of Tenant or a person under Tenant's direction or control, either Landlord or Tenant may end this lease. To end the Lease, Tenant or Landlord shall give prompt written notice to the other. Rent shall be prorated as of the date the Premises became unfit for occupancy.
     b. If the Premises is destroyed or becomes totally uninhabitable or completely unfit for occupancy through the fault or neglect of the Tenant or a person under Tenant's direction or control, Landlord may end this lease. Landlord shall give prompt written notice to tenant.

30. Breach of Lease, Re-entry Clause. If tenant materially breaches this lease, Landlord may demand in writing that Tenant give up possession of the Premises to Landlord at a certain date in the future. If tenant does not give up possession on that date, Landlord may bring an eviction action (unlawful detainer action). Landlord may accept rent for the period up to the date possession is to be transferred without giving up Landlord's right to evict.

31. Duty to Pay Rent After Eviction or Surrender. Rent is due under this Lease even if Tenant surrenders the Premises or is evicted by Landlord. Landlord shall make good faith efforts to mitigate damages.

32. Subordination. This lease is subordinate to any mortgage against the Premises.

33. Attachments are Part of Lease. No Oral Agreements have been made. This Lease with its attachments is the entire agreement between Landlord and Tenant.

34. Notices. A notice or demand mailed to or handed to any one of the Tenant's named above is notice to all Tenants.

35. Notice of Prohibition against Unlawful Activities.
   a. Landlord and Tenant shall not unlawfully allow any unlawful activities on the Premises or in the common area.

36. Changes to Lease. Landlord and Tenant may change the terms of this Lease in writing.

37. Emergencies. Tennant will call the police or Fire Department in case of an emergency.

38. Indemnity. Tenant agrees to indemnify and hold harmless Landlord and its directors, officers, employees, affiliates, heirs, representatives, attorneys, agents, independent contractors, and assigns from and against any and all causes of action, suits, debts, costs, expenses (including reasonable attorneys' fees and costs), liabilities, injuries, damages, claims or demands, of whatever nature or kind, in law or in equity, arising from any willful, intentional or negligent act or omission of the Tenant and/or his/her guest, agent, employee, invitee, visitor, co-habitant, or family member in connection with the use or occupation of the Premises. This indemnity shall continue notwithstanding the termination of this Lease.

39. Past Due Account Balances will be turned over to River Collection and Recovery Services, Elk River, Mn 763-633-6030

40. ~~Parking. Contact the Elk River Police Dept, attn: Kathy Anderson, at 763-635-1260 for permits and available parking lots.~~

41. Additional Terms:
   A. Landlord to pay taxes and insurance. Tax and insurance portion of rent will adjust annually.
   B. Little Achievers to pay water, sewer, gas, electric, and trash.
   C. Attached Lease to Own Purchase Price Agreement
   D. 5 yr Lease, with a 3% increase month 31 to 60.
   E. Years 6 → 10, 3% annual increase effective Jan 1st.
   F. Monthly additionate principate payments will be applied to Purchase price of building.
   H.

Landlord _____ Date 3/7/08

Tenant/s _____ Date 2/7/08

_____ Date _____

# Exhibit XX
## Pre-Determined Purchase Price

| Date | Purchase Price | Total Rent Applied To Purchase Price | Purchase Price After Rent Applied |
|------|---------------|--------------------------------------|-----------------------------------|
| Mar-08 | $1,001,369.86 | $800.00 | $1,000,569.86 |
| Apr-08 | $1,005,542.23 | $1,600.00 | $1,003,942.23 |
| May-08 | $1,009,731.99 | $2,400.00 | $1,007,331.99 |
| Jun-08 | $1,013,939.21 | $3,200.00 | $1,010,739.21 |
| Jul-08 | $1,018,163.96 | $4,000.00 | $1,014,163.96 |
| Aug-08 | $1,022,406.31 | $4,800.00 | $1,017,606.31 |
| Sep-08 | $1,026,666.33 | $5,600.00 | $1,021,066.33 |
| Oct-08 | $1,030,944.11 | $6,400.00 | $1,024,544.11 |
| Nov-08 | $1,035,239.71 | $7,200.00 | $1,028,039.71 |
| Dec-08 | $1,039,553.21 | $8,000.00 | $1,031,553.21 |
| Jan-09 | $1,043,884.68 | $8,800.00 | $1,035,084.68 |
| Feb-09 | $1,048,234.20 | $9,600.00 | $1,038,634.20 |
| Mar-09 | $1,052,601.84 | $10,400.00 | $1,042,201.84 |
| Apr-09 | $1,056,987.68 | $11,200.00 | $1,045,787.68 |
| May-09 | $1,061,391.80 | $12,000.00 | $1,049,391.80 |
| Jun-09 | $1,065,814.26 | $12,800.00 | $1,053,014.26 |
| Jul-09 | $1,070,255.16 | $13,600.00 | $1,056,655.16 |
| Aug-09 | $1,074,714.55 | $14,400.00 | $1,060,314.55 |
| Sep-09 | $1,079,192.53 | $15,200.00 | $1,063,992.53 |
| Oct-09 | $1,083,689.17 | $16,000.00 | $1,067,689.17 |
| Nov-09 | $1,088,204.54 | $16,800.00 | $1,071,404.54 |
| Dec-09 | $1,092,738.72 | $17,600.00 | $1,075,138.72 |
| Jan-10 | $1,097,291.80 | $18,400.00 | $1,078,891.80 |
| Feb-10 | $1,101,863.85 | $19,200.00 | $1,082,663.85 |
| Mar-10 | $1,106,454.95 | $20,000.00 | $1,086,454.95 |
| Apr-10 | $1,111,065.18 | $20,800.00 | $1,090,265.18 |
| May-10 | $1,115,694.62 | $21,600.00 | $1,094,094.62 |
| Jun-10 | $1,120,343.35 | $22,400.00 | $1,097,943.35 |
| Jul-10 | $1,125,011.44 | $23,200.00 | $1,101,811.44 |
| Aug-10 | $1,129,698.99 | $24,000.00 | $1,105,698.99 |
| Sep-10 | $1,134,406.07 | $24,800.00 | $1,109,606.07 |
| Oct-10 | $1,139,132.76 | $25,600.00 | $1,113,532.76 |
| Nov-10 | $1,143,879.15 | $26,400.00 | $1,117,479.15 |
| Dec-10 | $1,148,645.31 | $27,200.00 | $1,121,445.31 |
| Jan-11 | $1,153,431.33 | $28,000.00 | $1,125,431.33 |
| Feb-11 | $1,158,237.30 | $28,800.00 | $1,129,437.30 |
| Mar-11 | $1,163,063.29 | $29,600.00 | $1,133,463.29 |
| Apr-11 | $1,167,909.38 | $30,400.00 | $1,137,509.38 |
| May-11 | $1,172,775.67 | $31,200.00 | $1,141,575.67 |
| Jun-11 | $1,177,662.24 | $32,000.00 | $1,145,662.24 |
| Jul-11 | $1,182,569.16 | $32,800.00 | $1,149,769.16 |
| Aug-11 | $1,187,496.53 | $33,600.00 | $1,153,896.53 |
| Sep-11 | $1,192,444.44 | $34,400.00 | $1,158,044.44 |
| Oct-11 | $1,197,412.96 | $35,200.00 | $1,162,212.96 |
| Nov-11 | $1,202,402.18 | $36,000.00 | $1,166,402.18 |
| Dec-11 | $1,207,412.19 | $36,800.00 | $1,170,612.19 |
| Jan-12 | $1,212,443.07 | $37,600.00 | $1,174,843.07 |
| Feb-12 | $1,217,494.92 | $38,400.00 | $1,179,094.92 |
| Mar-12 | $1,222,567.81 | $39,200.00 | $1,183,367.81 |
| Apr-12 | $1,227,661.84 | $40,000.00 | $1,187,661.84 |
| May-12 | $1,232,777.10 | $40,800.00 | $1,191,977.10 |
| Jun-12 | $1,237,913.67 | $41,600.00 | $1,196,313.67 |
| Jul-12 | $1,243,071.65 | $42,400.00 | $1,200,671.65 |
| Aug-12 | $1,248,251.11 | $43,200.00 | $1,205,051.11 |
| Sep-12 | $1,253,452.16 | $44,000.00 | $1,209,452.16 |
| Oct-12 | $1,258,674.87 | $44,800.00 | $1,213,874.87 |
| Nov-12 | $1,263,919.35 | $45,600.00 | $1,218,319.35 |
| Dec-12 | $1,269,185.68 | $46,400.00 | $1,222,785.68 |
| Jan-13 | $1,274,473.96 | $47,200.00 | $1,227,273.96 |
| Feb-13 | $1,279,784.27 | $48,000.00 | $1,231,784.27 |
| Mar-13 | $1,285,116.70 | $48,800.00 | $1,236,316.70 |

— ANNUAL APP

— RENT APPLIED MONTHLY

+ 30 yrs

DRAFT FOR
ILLUSTRATION
ONLY.

**From:** Sam Calvert [calcloud@yahoo.com]
**Sent:** Wednesday, June 02, 2010 3:11 PM
**To:** Pat O'Donnell
**Cc:** Lori LeBrun
**Subject:** Re: FW: Prop Tax: Li'l Achievers

Talk to Lori LeBrun this afternoon, she is okay with paying $10,950.00 starting June 10, 2010 which should cover the current amount and make a small dent in the $292 per month shortfall. When she catches up the trustee on her plan payments we will try to get the difference to your client. Please send a copy of the insurance billing included in your calculation and (unless you have already done) documentation that Marley is obligated to $6500 per month on the underlying mortgage.

Sam Calvert, St. Cloud MN.

---

**From:** Pat O'Donnell <pato.spo@tds.net>
**To:** Sam Calvert <calcloud@yahoo.com>
**Cc:** Pam Sweeney <Pams.spo@tds.net>; Marlon Glines <marlonglines@hotmail.com>
**Sent:** Tue, March 9, 2010 9:29:32 AM
**Subject:** FW: FW: Prop Tax: Li'l Achievers

Hi Sam,

Where are we on approval of the revised Building Lease? Call or reply at your earliest convenience.

Patrick M. O'Donnell
Smith, Paulson, O'Donnell & Associates, PLC
201 West 7th Street
Monticello, MN 55362
(763) 295-2107
(763) 295-5165 Fax

NOTICE: This electronic mail transmission may contain an attorney-client work-product or trade-secret communication that is privileged by law. If you are not the intended recipient, do not read, distribute or reproduce this transmission. It is not intended for transmission to, or receipt by, any unauthorized persons. This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this electronic mail transmission in error, please delete it from your system without copying it and notify the sender by reply e-mail or by calling (763) 295-2107, so that our address record can be corrected.



EXHIBIT
B

Hi Sam,

Attached is the amended Building Lease. The format is expanded and tighter, but I believe we have incorporated all material provisions of the original leasing arrangement. I'm sure it will not surprise you that my client wants to stick to the amounts set out in the original lease agreement, which includes the cost of insurance. This is especially true in light of all the additional expense the LLC has incurred in connection with navigating through the bankruptcy and accepting reduced rents in 2009. This is not intended to cast blame, but simply recognizing a monetary fact in the operation of my client's business. The good news is that we are very close on the rent monthly amount.

In your email below, you propose monthly rent payments in the amount of $10,544.00, based on a base rent figure of $8,000.00. The actual base rent required by the mortgage agreement is $8,125.00 per month (125% of the monthly mortgage payment of $6,500.00). After adding the 2010 property taxes of $30,530.00 and insurance of $2,000.00, we calculate the monthly rent at $10,836.00.

While I hope the Building Lease is acceptable to your client as is, please call or reply with any questions or proposed revisions. If you choose to make any revisions directly to Lease document itself, please track the changes using red-line format.

I look forward to hearing from you soon and concluding this matter for our clients.

Patrick M. O'Donnell
Smith, Paulson, O'Donnell & Associates, PLC
201 West 7th Street
Monticello, MN 55362
(763) 295-2107
(763) 295-5165 Fax

NOTICE: This electronic mail transmission may contain an attorney-client work-product or trade-secret communication that is privileged by law. If you are not the intended recipient, do not read, distribute or reproduce this transmission. It is not intended for transmission to, or receipt by, any unauthorized persons. This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this electronic mail transmission in error, please delete it from your system without copying it and notify the sender by reply e-mail or by calling (763) 295-2107, so that our address record can be corrected.

I think the base rent is $8,000.00, but do not know the insurance amount. Without insurance that would make the rent $10,544.00.
Can you get the insurance amount from your client?

Sam Calvert, St. Cloud MN .

--- On **Tue, 2/9/10, Pat O'Donnell** *<pato.spo@tds.net>* wrote:

From: Pat O'Donnell <pato.spo@tds.net>
Subject: FW: Prop Tax: Li'l Achievers
To: "'Sam Calvert'" <calcloud@yahoo.com>
Cc: " Pam Sweeney " <Pams.spo@tds.net>, marlonglines@hotmail.com
Date: Tuesday, February 9, 2010, 11:24 AM

Hi Sam,

The property tax information for this year is attached. The annual property tax on the building is $30,530, which spreads out to $2,544 a month.

Give me a call or reply at your earliest convenience so that we can out the new monthly rent payment terms.

Patrick M. O'Donnell
Smith, Paulson, O'Donnell & Associates, PLC
201 West 7th Street
Monticello, MN 55362
(763) 295-2107
(763) 295-5165 Fax

NOTICE: This electronic mail transmission may contain an attorney-client work-product or trade-secret communication that is privileged by law. If you are not the intended recipient, do not read, distribute or reproduce this transmission. It is not intended for transmission to, or receipt by, any unauthorized persons. This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this electronic mail transmission in error, please delete it from your system without copying it and notify the sender by reply e-mail or by calling (763) 295-2107, so that our address record can be corrected.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Lori L. LeBrun
    DEBTOR                 Case No.  09-44045

STIPULATION

East Marketplace, LLP brought a motion to lift stay.  The parties have reached an agreement covering an interim period.

It is agreed as follows:

a.  Rent for the months July, August, September, October, November and December 2009 is set at $9,039.16 per month.

b.  The debtor will pay East Marketplace LLP the August 2009 rent of $9,039.16 no later than noon, Central Time, August 27, 2009.

c.  If the debtor fails to make that payment by that time, then upon the request of counsel for East Marketplace , LLP, the Court will issue an order lifting the stay without any delay.

d.  The debtor will additionally pay East Marketplace, LLP the rent for the months of September, October, November, and December by the 10th day of each month.  If payment is not made by the 3rd of each month, debtor will pay the $250 late fee set out in the lease.  If the debtor does not comply with this, counsel for the movant may notify the debtor and counsel for the debtor and if the default is not either cured or disproved within seven days of the notice, then the Court will issue an order lifting the stay without any delay



e. The debtor will modify her plan to deal with the July 2009 rent, and will negotiate in good faith with East Marketplace LLP regarding its claims for rents prior to July 2009.

/e/ Sam Calvert
Sam V. Calvert #1431X
1011 2nd ST N Ste 107
St Cloud MN 56303
320-252-4473

/e/ Patrick O'Donnell
Patrick O'Donnell #190883
Smith Paulson O'Donnell
201 West 7th ST
Monticello MN 55362
763-295-2107

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                          Chapter 13 Bankruptcy

Lori Lynn LeBrun,                               Bankr. No.: 09-44045

        Debtor.

## MEMORANDUM OF LAW IN SUPPORT OF
## EAST MARKETPLACE, LLP'S
## MOTION FOR RELIEF FROM STAY

East Marketplace, LLP ("Marketplace"), by and through its attorney, Patrick M.
O'Donnell of the law firm Smith, Paulson, O'Donnell & Associates, PLC, submits the
following Memorandum of Law in Support of Its Motion for Relief from Stay.

### RELEVANT FACTS

1.     As of September 14, 2010, Debtor is indebted to Marketplace for unpaid rent for
the months of: July 2009 at $9,286.16, as stated in Debtor's Modified Chapter 13 Plan; ;
Debtor's rent increased to $10,836.00 monthly as of January 2010; Debtor is indebted to
Marketplace for unpaid rent for the months of January 2010 (paid $9,036.16), February
2010 (paid $10,544.00), March 2010 (paid $10,544.00), April 2010 (paid $10,794.00);
May 2010 (paid $10,544.00), Debtor's rent increased to $10,950.00 monthly as of June
2010; Debtor is indebted to Marketplace for unpaid rent for the months of July 2010
(paid $7,500.00) August 2010 (paid $7,500.00), and September 2010 (paid $6,600.00)
(totaling $23,254.00 owed), plus late fees of $250 per month for a total of 8 months,
(totaling $2,000.00), for a grand total owed to date of $25,254.00 (not including unpaid
rent prior to July 2009), as evidenced by a certain Lease Agreement dated February 7,
2008, together with interest thereon.

2.   Marketplace has and is still required to pay the mortgage and real estate taxes for the property, while Debtor refuses to meet her contractual obligations and pay the full rent each month.

3.   Debtor has failed to make any offer of adequate protection.

## ARGUMENT

A.   <u>Cause Exists for the Granting of Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) Where the Interest of Marketplace is Not Adequately Protected.</u>

Pursuant to 11 U.S.C. § 362(g) the burden is on the Debtor to prove absence of cause and/or adequate protection. Marketplace's interest in the Property is not adequately protected under the facts of this case.

B.   <u>The Automatic Stay Should be Modified Pursuant to 11 U.S.C. § 362(d)(2) Where (1) Debtor Does Not Have Any Equity in the Property, and (2) the Property is Not Necessary to an Effective Reorganization.</u>

The Debtor is a tenant of Marketplace, and has signed a Lease Agreement with Marketplace, not any type of mortgage, construction or purchase agreement. Marketplace is the Signor of the Mortgage on the Property. The Debtor has no equity in the Property.

The burden is on the Debtor to establish that this Property is necessary for an effective reorganization.

C.   <u>Cause Exists for the Granting of Relief From the Automatic Stay Pursuant to 11 U.S.C. § 1301(c) Where the Interest of Marketplace Would be Irreparably Harmed by Continuation of Such Stay</u>

The Debtor has been running a daycare at the expense of Marketplace, while pocketing the income of the business, for over two years now. Meanwhile, Marketplace has been trying to pay the mortgage and real estate taxes on the property. The Debtor has

no equity in the property, as Marketplace has been paying the mortgage, with the Debtor reaping the benefits of the income from the daycare. Debtor has not provided the required payments referenced herein, to the serious loss and disadvantage to Marketplace.

Pursuant to the terms of the Stipulation entered into between Marketplace and the Debtor on August 20, 2009, and the Court's Order of the same date, the Debtor was to negotiate in good faith on revising her Plan provisions relating to payment of unpaid rent prior to July 2009 to Marketplace. This she has not done. Marketplace is at significant risk of losing the subject Property to foreclosure, due to the failure of the Debtor to pay all owed back rent and make full current rent payments, as agreed upon in the Lease Agreement between the Parties.

## CONCLUSION

Marketplace is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) for cause, and where its interest in the secured property is not adequately protected. Marketplace is also entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(2) where Debtor has no equity in the property, and where the property is not necessary to an effective reorganization.

Respectfully Submitted.


SMITH, PAULSON, O'DONNELL & ASSOCIATES, PLC


Dated:_____09/14/2010_____     By: /s/ Patrick M. O'Donnell
                                      Attorney I.D. 0190883
                                      201 West 7th Street
                                      Monticello, MN 55362
                                      Telephone: (763) 295-2107
                                      ATTORNEYS FOR PLAINTIFF

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

IN RE:

    Lori L. LeBrun,                          **CHAPTER 13 CASE**

               Debtor,          **COURT FILE NO. 09-44045**

STATE OF MINNESOTA   )
                           ) ss.
COUNTY OF WRIGHT    )

## AFFIDAVIT OF MARLON GLINES

I, Marlon Glines, being duly sworn, deposes and says as follows:

1.      My name is Marlon Glines.  I am a Partner of East Marketplace, LLP ("Marketplace") located in Big Lake, Minnesota.

2.      Marketplace is the holder of a Lease Agreement on real property in which the Debtor has an interest.  The Debtor's indebtedness is evidenced by that certain Lease Agreement dated February 7, 2008, executed by Greg Schreier, myself and Debtor Lori LeBrun.  The property is located in Sherburne County, Minnesota and is legally described as follows, to-wit:

> Big Lake Marketplace North, Second Addition,
> Lot One, Block Two, Sherburne County, Minnesota

3.      I have reviewed the account records relating to the Lease Agreement.

4.      That as of September 14, 2010, the following amounts were owing on this account (rent due under the Debtor's Amended Petition; not including unpaid rent prior to July 2009):

| | |
|---|---|
| Unpaid Rent: | $23,254.00 |
| Late Charges: | $ 2,000.00 |
| TOTAL: | $25,254.00 |

5. As landlord, Marketplace provides a rental space to its tenants for a fixed monthly rental amount. That arrangement with the Debtor is set out in the written Lease Agreement between Marketplace and the Debtor, attached as Exhibit A to the Notice of Motion and Motion for Relief from Stay filed contemporaneously with this Affidavit. This is the entire agreement.

6. The information provided in Paragraph 4 above is a true and accurate accounting of all amounts owed by the Debtor at this time, except for back-rent owed prior to July 2009.

7. The only transactional agreement between Marketplace and the Debtor is the Lease Agreement. There are no other agreements related to the space leased by the Debtor from Marketplace nor the Debtor's efforts as a tenant in moving into the leased space and operating her business.

8. The Debtor and Marketplace entered into a Stipulation on August 20, 2009, wherein the Debtor would negotiate in good faith with Marketplace its claims for unpaid rent prior to July 2009, and include the July 2009 rent in her Plan.

9. To date, Marketplace has not received any of the July 2009 rent, and has not received any offers to negotiate the unpaid rent prior to July 2009.

10. Marketplace is in serious risk of losing the property to foreclosure, due to the failure of the Debtor to pay the back rent and make full current monthly rent payments, as agreed upon in the Lease Agreement.

11. Marketplace should be given leave to renew its eviction action to have the Debtor removed from the leased premises.

Further your Affiant sayeth naught.

Subscribed and sworn to before me
this 14th day of September, 2010.

Marlon Glines

Notary Public

PAM S. SWEENEY
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2011

2

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:  Lori Lynn LeBrun

Debtor.

Case No. 09-44045
Chapter 13 Case

## ORDER

The above-entitled action came on for a hearing on October 14, 2010 before the

Honorable Judge Nancy C. Dreher of the United States Bankruptcy Court on Creditor

East Marketplace, LLP's Motion for Relief from Stay.  Based upon all the files and

records,

**IT IS HEREBY ORDERED** that East Marketplace, LLP, its assignees and/or

successors in interest, is granted relief from the stay of actions imposed by 11 U.S.C. §§

362 and 1301 with regard to that certain Lease Agreement dated February 7, 2008,

executed by Marlon Glines and Lori LeBrun, covering real estate located in Sherburne

County, Minnesota and legally described as follows, to-wit:

Big Lake Marketplace North, Second Addition,
Lot One, Block Two, Sherburne County, Minnesota

and may pursue its remedies under state law in connection with the subject Lease

Agreement.  Notwithstanding Federal Rule of Bankruptcy Procedure 4001(a)(3), this

Order is effective immediately.


DATED: _____        _____
                                Honorable Judge Nancy C. Dreher

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:  Lori Lynn LeBrun

           Debtor.

Case No.  09-44045
Chapter 13 Case

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2010, I electronically filed the foregoing with the

Clerk of Courts by using the ECF:

- Notice of Hearing and Motion for Relief From Stay;
- Memorandum of Law in Support of East Marketplace, LLP's Motion for Relief From Stay;
- Affidavit of Marlon Glines;
- Proposed Order granting Motion for Relief from Stay;
- Certificate of Service; and
- Notice of Electronic Filing for all of the above.

I hereby certify that I served the same upon the following person, herein named, by United

States Mail at the following address:

Lori Lynn LeBrun
16804 172nd Street
Big Lake, MN 55309

And delivered by e-mail notification under CM/ECF on September 14, 2010 to each of the

following:

Sam Calvert
Kyle Carlson
United States of America – IRS
Recovery Management Systems Corp.
US Trustee
Chrysler Financial Services Americas, LLC

And I declare, under penalty of perjury, that the foregoing is true and correct.

SMITH, PAULSON, O'DONNELL & ASSOCIATES, PLC

Dated:  September 14, 2010          BY:   s/Patrick M. O'Donnell
                                    Patrick M. O'Donnell, (#0190883)
                                    Attorney for Creditor East Marketplace, LLP
                                    201 West 7th Street
                                    Monticello, MN  55362
                                    (763) 295-2107